# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJEANNE M. BERNIER, an individual; HANS S. CROTEAU, an individual, <br><br> Plaintiff, <br> vs. <br> JOCELYN G. CROTEAU, aka JESSIE G. CROTEAU, an individual, et al., <br><br> Defendant. | CASE NO. 10cv1698-LAB (POR) <br><br> **ORDER DISMISSING CASE** |

With two motions to dismiss and three motions to strike pending in this case, Plaintiff filed a Notice of Voluntary Dismissal on December 1, 2010, pursuant to Fed. R. Civ. P. 41.

Voluntary dismissals under Rule 41 are typically without prejudice, and, accordingly, Plaintiffs ask that the dismissal of their claims be without prejudice. Their feeble opposition to the pending motions, however, reveals their claims to be meritless. For example, Plaintiffs try to dodge the pending motions with the following argument:

> The complaint alleges that several private individuals conspired to persuade a State Court judge to enter a pre-filing order against plaintiffs. The violation thus being alleged is plaintiffs' constitutional First Amendment right to a meaningful governmental petition, and the vehicle is primarily 42 U.S.C. § 1983.

(Opp'n Br. at 1.) This is not possible. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Private conduct

1 may be vulnerable to a § 1983 suit when a private actor "is a willful participant in joint action 2 with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), but Plaintiffs have 3 not made the requisite allegations. "Of course, merely resorting to the courts and being on 4 the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with a 5 judge." *Id.* at 28.

6 The fact that Plaintiffs have already been labeled vexations litigants in state court, 7 coupled with the quality of their pleadings and their ostensible inability to offer any 8 meaningful rebuttal to the many arguments raised by Defendants in the pending motions, 9 tells the Court that Plaintiffs' complaint should not be regarded as a serious legal pleading. 10 The pending motions to dismiss are **GRANTED**, and Plaintiffs' claims against the 11 Defendants who filed those motions are **DISMISSED WITH PREJUDICE**. The Court needn't 12 reach the pending motions to strike on anti-SLAPP grounds.

14 **IT IS SO ORDERED**.

15 DATED: December 7, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge